An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN PATRICK INGRAHAM, JR.
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
LOVELOCK CORRECTIONAL
CENTER,
Respondent.

No. 65259

**FILED**

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellant John Patrick Ingraham, Jr., contends that the district court abused its discretion by denying his petition. Ingraham claims that trial counsel was ineffective for failing to (1) fully explain the State's plea offer to him, (2) discuss possible defenses and the witnesses necessary to support his self-defense theory, (3) object to the State's post-verdict notice seeking habitual criminal adjudication, (4) argue for a more appropriate sentence and present mitigation evidence, and (5) subpoena a witness to support his theory of self-defense and inform him that "there was an issue" with her appearance at trial. Ingraham also claims that appellate counsel was ineffective for failing to challenge (1) the State's notice seeking habitual criminal adjudication, (2) the admission of bad act evidence, and (3) a jury instruction which impermissibly shifted the burden of proof on self-defense. We disagree with Ingraham's contentions.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37231

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted an evidentiary hearing and heard testimony from Ingraham, his trial and appellate counsel, and four additional witnesses who addressed issues pertaining to Ingraham's theory of self-defense and mitigation at sentencing. The district court found that Ingraham failed to demonstrate that trial counsel was deficient or prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996); *see also Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1408 (2011) ("Surmounting *Strickland*'s high bar is never an easy task." (quotation marks omitted) (alteration omitted)). The district court also determined that appellate counsel was not ineffective. *See Kirksey*, 112 Nev. at 998, 923 P.2d at 1113-14. We conclude that the district court did not err by rejecting Ingraham's ineffective-assistance claims, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Elliott A. Sattler, District Judge
Karla K. Butko
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk